UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

JOHN E. MCLENDON, MOHAMMAD N. ALTAF,
DONNA COBURN, RICHEI LEYVA, and FAIZA RANA,
individually and on behalf of others similarly situated,

       Plaintiffs,

v.

**CLASS ACTION COMPLAINT**

Docket No.: 21cv4104
Jury Trial Demanded: Yes

MIDLAND CREDIT MANAGEMENT, INC.,

       Defendant.

_____/

Plaintiffs, John E. McLendon, Mohammad N. Altaf, Donna Coburn, Richei Leyva, and Faiza Rana, individually and on behalf of others similarly situated ("Plaintiffs"), by and through their attorney, Subhan Tariq, Esq., as and for their Complaint against Defendant, Midland Credit Management, Inc., (hereinafter referred to as "Defendant"), respectfully set forth, complain and allege, upon information and belief, the following:

## PARTIES

1. Plaintiff John E. McLendon is a resident of State of New York and currently resides at 3808 Beach Channel Drive, Apt #3E, Far Rockaway, NY 11691.

2. Plaintiff Mohammad N. Altaf is a resident of State of New York and currently resides at 16 Iroquois Avenue, Selden, NY 11784.

3. Plaintiff Donna Coburn is a resident of State of Connecticut and currently resides at 155 Holl Street, Manchester, CT 06040.

1

4. Plaintiff Richei Leyva is a resident of State of Florida and currently resides at 1128 NW 7th Avenue, Apt. #705, Miami, FL 33136.

5. Plaintiff Faiza Rana is a resident of State of New York and currently resides at 16 Iroquois Avenue, Apt #1, Selden, NY 11784.

6. Defendant Midland Credit Management, Inc. is a company engaged in the business of collecting debts with a principal place of business located at 2365 Northside Dr #300, San Diego, CA 92108.

7. All Plaintiffs are a "consumer" as defined by the FDCPA, 15 USC § 1692a(3).

8. Defendant is a "debt collector" as defined and used in the FDCPA under 15 USC § 1692a(6).

## FACTUAL ALLEGATIONS

9. Plaintiffs repeat, reiterate, and incorporate the allegations contained in all preceding paragraphs of this Complaint with the same force and effect as if the same were fully set forth at length herein.

*John E. McLendon*

10. Upon information and belief, Defendant, on behalf of a third-party, began efforts to collect an alleged consumer debt from Plaintiff.

11. On December 16, 2020, Plaintiff ran his Experian credit report and noticed that Defendant was reporting five accounts on his Experian credit report.

12. As a result, Plaintiff sent a cease and desist letter, dated December 22, 2020, to Defendant. *See* **Exhibit A**.

13. In the above-referenced cease and desist letter, Plaintiff explicitly stated: "These are not my accounts. I do not owe you any money. Please do no call me or have any of your

affiliates call me and please do not send me any type of documentation regarding these accounts. Therefore this is a complete cease and desist for you and any other creditors that you will try assign to collecting on these accounts." *Id*.

14. Plaintiff's cease and desist letter was sent to Defendant via certified mail. *See* **Exhibit B**.

15. According to USPS, Defendant received Plaintiff's cease and desist letter on February 1, 2021. *See* **Exhibit C**.

16. However, Plaintiff received two debt collection letters, both dated February 17, 2021, from Defendant. *See* **Exhibit D**.

17. Furthermore, Defendant's aforementioned debt collection letters, both dated February 17, 2021, also stated: "Please understand this is a communication from a debt collector. This is an attempt to collect a debt. Any information obtained will be used for that purpose." *Id*.

*Mohammad N. Altaf*

18. Upon information and belief, Defendant, on behalf of a third-party, began efforts to collect an alleged consumer debt from Plaintiff.

19. On April 5, 2021, Plaintiff ran his Experian credit report and noticed that Defendant was reporting an account on his Experian credit report.

20. As a result, Plaintiff sent a cease and desist letter, dated April 7, 2021, to Defendant. *See* **Exhibit E**.

21. In the above-referenced cease and desist letter, Plaintiff explicitly stated: "This is not my account. I do not owe you any money. Please do no call me or have any of your affiliates call me and please do not send me any type of documentation regarding this account. Therefore this is a complete cease and desist for you and any other creditors that you will try assign to collecting on this account." *Id*.

3

22. Plaintiff's cease and desist letter was sent to Defendant via certified mail. *See* **Exhibit F**.

23. According to USPS, Defendant received Plaintiff's cease and desist letter on April 14, 2021. *See* **Exhibit G**.

24. However, Plaintiff received a debt collection letter, dated April 30, 2021, from Defendant. *See* **Exhibit H**.

25. Furthermore, Defendant's aforementioned debt collection letter, dated April 30, 2021, also stated: "Please understand this is a communication from a debt collector. This is an attempt to collect a debt. Any information obtained will be used for that purpose." *Id*.

*Donna Coburn*

26. Upon information and belief, Defendant, on behalf of a third-party, began efforts to collect an alleged consumer debt from Plaintiff.

27. On December 15, 2020, Plaintiff ran her Experian credit report and noticed that Defendant was reporting an account on her Experian credit report.

28. As a result, Plaintiff sent a cease and desist letter, dated December 16, 2020, to Defendant. *See* **Exhibit I**.

29. In the above-referenced cease and desist letter, Plaintiff explicitly stated: "This is not my account. I do not owe you any money. Please do no call me or have any of your affiliates call me and please do not send me any type of documentation regarding this account. Therefore this is a complete cease and desist for you and any other creditors that you will assign to collecting on this account." *Id*.

30. Plaintiff's cease and desist letter was sent to Defendant via certified mail. *See* **Exhibit J**.

31. According to USPS, Defendant received Plaintiff's cease and desist letter on January 4, 2021. *See* **Exhibit K**.

4

32. However, Plaintiff received a debt collection letter (with a chain of title letter), dated January 26, 2021, from Defendant. *See* **Exhibit L**.

33. Defendant's aforementioned debt collection letter, dated January 26, 2021, also stated: "We have also enclosed documents regarding the account." *Id*.

34. Notably, Plaintiff never requested validation documentation in her aforementioned cease and desist letter to Defendant.

35. Furthermore, Defendant's aforementioned debt collection letter, dated January 26, 2021, also stated: "Please understand this is a communication from a debt collector. This is an attempt to collect a debt. Any information obtained will be used for that purpose." *Id*.

36. Plaintiff also received a debt collection letter, dated May 1, 2021, from Defendant. *See* **Exhibit M**.

37. Defendant's aforementioned debt collection letter, dated May 1, 2021, offered settlement options to resolve the alleged debt *Id*.

38. Furthermore, Defendant's aforementioned debt collection letter, dated May 1, 2021, also stated: "Please understand this is a communication from a debt collector. This is an attempt to collect a debt. Any information obtained will be used for that purpose." *Id*.

*Richei Leyva*

39. Upon information and belief, Defendant, on behalf of a third-party, began efforts to collect an alleged consumer debt from Plaintiff.

40. On May 6, 2021, Plaintiff ran his Experian credit report and noticed that Defendant was reporting an account on his Experian credit report.

41. As a result, Plaintiff sent a cease and desist letter, dated May 7, 2021, to Defendant. *See* **Exhibit N**.

42. In the above-referenced cease and desist letter, Plaintiff explicitly stated: "This is not my account. I do not owe you any money. Please do no call me or have any of your affiliates call me and please do not send me any type of documentation regarding this account. Therefore this is a complete cease and desist for you and any other creditors that you will try assign to collecting on this account." *Id*.

43. Plaintiff's cease and desist letter was sent to Defendant via certified mail. *See* **Exhibit O**.

44. According to USPS, Defendant received Plaintiff's cease and desist letter on May 17, 2021. *See* **Exhibit P**.

45. However, Plaintiff received a debt collection letter, dated May 24, 2021, from Defendant. *See* **Exhibit Q**.

46. Furthermore, Defendant's aforementioned debt collection letter, dated May 24, 2021, also stated: "Please understand this is a communication from a debt collector. This is an attempt to collect a debt. Any information obtained will be used for that purpose." *Id*.

*Faiza Rana*

47. Upon information and belief, Defendant, on behalf of a third-party, began efforts to collect an alleged consumer debt from Plaintiff.

48. On March 13, 2020, Plaintiff ran her Experian credit report and noticed that Defendant was reporting four accounts ("PRA accounts") on her Experian credit report.

49. Plaintiff then sent a debt validation request letter, dated September 21, 2020, to Defendant. *See* **Exhibit R**.

50. Plaintiff then received a debt collection letter, dated December 23, 2020, from Defendant. *See* **Exhibit S**.

51. As a result, Plaintiff sent a cease and desist letter, dated January 19, 2021, to Defendant. *See* **Exhibit T**.

52. In the above-referenced cease and desist letter, Plaintiff explicitly stated: "This is not my account. I do not owe you any money. Please do not call me or have any of your affiliates call me and please do not send me any type of documentation regarding this account. This is a complete cease and desist for you and any other creditors that you will assign to collecting on this account." *Id*.

53. Plaintiff's cease and desist letter was sent to Defendant via certified mail. *See* **Exhibit U**.

54. According to USPS, Defendant received Plaintiff's cease and desist letter on January 29, 2021. *See* **Exhibit V**.

55. However, Plaintiff received a debt collection letter, dated February 12, 2021, from Defendant. *See* **Exhibit W**.

56. Furthermore, Defendant's aforementioned debt collection letter, dated February 12, 2021, also stated: "Please understand this is a communication from a debt collector. This is an attempt to collect a debt. Any information obtained will be used for that purpose." *Id*.

57. These are clearly tactics to misinform, mislead, or deceive consumers about the nature and status of their account so as to assist Defendant in its goal of collecting on debt from these consumers.

## CLASS ALLEGATIONS

58. Plaintiffs brings this claim on behalf of the following class, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3), on behalf of themselves and all persons/consumers, along with their successors-in-interest, who have received similar letters/communications from Defendant which, as alleged herein, are in violation of the FDCPA, as of the date of Plaintiffs'

7

Complaint (the "Class"). Excluded from the Class is Defendant herein, and any person, firm, trust, corporation, or other entity related to or affiliated with Defendant, including, without limitation, persons who are officers, directors, employees, associates or partners of Defendant. Upon information and belief, hundreds of persons have received letters/communications from Defendant, which violate various provisions of the FDCPA.

59. The identities of all class members are readily ascertainable from the records of Defendant and those companies and entities on whose behalf it attempts to collect debts.

60. Excluded from Plaintiff Class is Defendant and all officers, members, partners, managers, directors, and employees of Defendant and its respective immediate families, and legal counsel for all parties to this action and all members of their immediate families.

61. There are questions of law and fact common to Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether Defendant's written communications to consumers violate 15 U.S.C. § 1692c(c), 1692d – preface, 1692e, and 1692f.

62. Plaintiffs' claims are typical of the class members, as all are based upon the same facts and legal theories.

63. Plaintiffs will fairly and adequately protect the interests of Plaintiff Class defined in this Complaint. Plaintiffs have retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither Plaintiffs nor Plaintiffs' attorneys have any interests, which might cause them not to vigorously pursue this action.

64. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

A. **Numerosity:** Plaintiffs are informed and believe, and on that basis allege, that Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

B. **Common Questions Predominate:** Common questions of law and fact exist as to all members of Plaintiff Class and those questions predominate over any questions or issues involving only individual class members. The principal issue is whether Defendant's written communications to consumers violate 15 U.S.C. § 1692c(c), 1692d – preface, 1692e, and 1692f.

C. **Typicality:** Plaintiffs' claims are typical of the claims of the class members. Plaintiffs and all members of Plaintiff Class have claims arising out of Defendant's common uniform course of conduct complained of herein.

D. **Adequacy:** Plaintiffs will fairly and adequately protect the interests of the class members insofar as Plaintiffs have no interests that are adverse to the absent class members. Plaintiffs are committed to vigorously litigating this matter. Plaintiffs have also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither Plaintiffs nor Plaintiffs' counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

E. **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of simi-

larly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

65. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of Plaintiff Classes predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

66. Depending on the outcome of further investigation and discovery, Plaintiffs may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## CAUSES OF ACTION

## FIRST COUNT

*Individually and on behalf of all other similarly situated*
**VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. § 1692c(c)**

67. Plaintiffs repeat, reiterate, and incorporate the allegations contained in all preceding paragraphs of this Complaint with the same force and effect as if the same were fully set forth at length herein.

68. 15 U.S.C. § 1692c(c) prohibits a debt collector from communication after notification that the consumer refuses to pay the debt or that the consumer wants collector to cease communication.

69. Defendant is in violation of 15 U.S.C. §1692c(c) by refusing to grant Plaintiffs' requests to not send Plaintiffs documentation regarding the alleged debts, despite Plaintiffs' requests in Plaintiffs' cease and desist letters.

70. As a result of Defendant's violations of the FDCPA, Plaintiff has been damaged and is entitled to damages in accordance with the FDCPA.

## SECOND COUNT

*Individually and on behalf of all other similarly situated*
**VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. § 1692d – preface**

71. Plaintiffs repeat, reiterate, and incorporate the allegations contained in all preceding paragraphs of this Complaint with the same force and effect as if the same were fully set forth at length herein.

72. 15 U.S.C. § 1692d – preface prohibits a debt collector from engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person.

73. Defendant is in violation of 15 U.S.C. §1692d – preface by refusing to grant Plaintiffs' requests to not send Plaintiffs documentation regarding the alleged debts, despite Plaintiffs' requests in Plaintiffs' cease and desist letters.

74. As a result of Defendant's violations of the FDCPA, Plaintiff has been damaged and is entitled to damages in accordance with the FDCPA.

## THIRD COUNT

### *Individually and on behalf of all other similarly situated*
### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. § 1692e - preface

75. Plaintiffs repeat, reiterate, and incorporate the allegations contained in all preceding paragraphs of this Complaint with the same force and effect as if the same were fully set forth at length herein.

76. 15 U.S.C. § 1692e – preface prohibits a debt collector from using false, deceptive, or misleading representation or means in connection with a debt collection.

77. Defendant is in violation of 15 U.S.C. §1692e – preface by refusing to grant Plaintiffs' requests to not send Plaintiffs documentation regarding the alleged debts, despite Plaintiffs' requests in Plaintiffs' cease and desist letters.

78. As a result of Defendant's violations of the FDCPA, Plaintiff has been damaged and is entitled to damages in accordance with the FDCPA.

## FOURTH COUNT

### *Individually and on behalf of all other similarly situated*
### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. § 1692e(10)

79. Plaintiffs repeat, reiterate, and incorporate the allegations contained in all preceding paragraphs of this Complaint with the same force and effect as if the same were fully set forth at length herein.

80. 15 U.S.C. § 1692e(10) prohibits a debt collector from making any false representation or deceptive means to collect a debt or obtain information about a consumer.

81. Defendant is in violation of 15 U.S.C. §1692e(10) by refusing to grant Plaintiffs' requests to not send Plaintiffs documentation regarding the alleged debts, despite Plaintiffs' requests in Plaintiffs' cease and desist letters.

82. As a result of Defendant's violations of the FDCPA, Plaintiff has been damaged and is entitled to damages in accordance with the FDCPA.

## FIFTH COUNT

### *Individually and on behalf of all other similarly situated*
### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. § 1692f – preface

83. Plaintiffs repeat, reiterate, and incorporate the allegations contained in all preceding paragraphs of this Complaint with the same force and effect as if the same were fully set forth at length herein.

84. 15 U.S.C. § 1692f – preface prohibits a debt collector from using any unfair or unconscionable actions in connection with the collection of a debt.

85. Defendant is in violation of 15 U.S.C. § 1692f – preface by refusing to grant Plaintiffs' requests to not send Plaintiffs documentation regarding the alleged debts, despite Plaintiffs' requests in Plaintiffs' cease and desist letters.

86. As a result of Defendant's violations of the FDCPA, Plaintiff has been damaged and is entitled to damages in accordance with the FDCPA.

## DEMAND FOR TRIAL BY JURY

87. Plaintiff hereby respectfully requests a trial by jury for all claims and issues in its Complaint to which it is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs demand judgment from Defendant as follows:

A. Awarding Plaintiffs and the Class statutory damages;

B. Awarding Plaintiffs and the Class costs of this Action, including reasonable attorneys' fees and expenses;

C. Awarding pre-judgment interest and post-judgment interest; and

D. Awarding Plaintiffs and the Class such other and further relief as this Court may deem just and proper.

Dated: July 21, 2021

                                              Respectfully submitted,

                                              _____
                                              Subhan Tariq, Esq.
                                              The Tariq Law Firm, PLLC
                                              **Attorney for Plaintiffs**
                                              34-18 Northern Blvd – Suite 2-25
                                              Long Island City, NY 11101
                                              Telephone: (718) 674-1245
                                              Facsimile: (516) 453-0490
                                              Email: subhan@tariqlaw.com

## VERIFICATION

John E. McLendon, being duly sworn, deposes and says:

I am the Plaintiff in the above-entitled action. I have read the foregoing Complaint and know the contents thereof. The same are true to my knowledge, except as to matters therein stated to be alleged on information and belief and as to those matters, I believe them to be true.

_____
John E. McLendon, Plaintiff

Sworn to before me this 14th day of July, 2021

_____
Notary Public

CARLOS REGINO PEREZ
Notary Public, State of New York
No. 01PE6358757
Qualified in Queens County
Commission Expires May 15, 2025

## VERIFICATION

Mohammad N. Altaf, being duly sworn, deposes and says:

I am the Plaintiff in the above-entitled action. I have read the foregoing Complaint and know the contents thereof. The same are true to my knowledge, except as to matters therein stated to be alleged on information and belief and as to those matters, I believe them to be true.

_____
Mohammad N. Altaf, Plaintiff

Sworn to before me this 07th
day of July, 2021

_____
Notary Public

**NADEEM KHAWAJA**
Notary Public - State of New York
No. 01KH6100431
Qualified in Queens County
My Commission Expires October 20, 2023

## VERIFICATION

Donna Coburn, being duly sworn, deposes and says:

I am the Plaintiff in the above-entitled action. I have read the foregoing Complaint and know the contents thereof. The same are true to my knowledge, except as to matters therein stated to be alleged on information and belief and as to those matters, I believe them to be true.

_____
Donna Coburn, Plaintiff

Sworn to before me this 18
day of June, 2021

_____
Notary Public

## **VERIFICATION**

Richei Leyva, being duly sworn, deposes and says:

I am the Plaintiff in the above-entitled action. I have read the foregoing Complaint and know the contents thereof. The same are true to my knowledge, except as to matters therein stated to be alleged on information and belief and as to those matters, I believe them to be true.

_____
Richei Leyva, Plaintiff

Sworn to before me this 20
day of July, 2021

_____
Notary Public

JANNETT N. PINERO
MY COMMISSION # GG 166236
EXPIRES: December 15, 2021
Bonded Thru Notary Public Underwriters

Scanned with CamScanner

## VERIFICATION

Faiza Rana, being duly sworn, deposes and says:

I am the Plaintiff in the above-entitled action. I have read the foregoing Complaint and know the contents thereof. The same are true to my knowledge, except as to matters therein stated to be alleged on information and belief and as to those matters, I believe them to be true.

_____
Faiza Rana, Plaintiff

Sworn to before me this 07th
day of July, 2021

_____
Notary Public

NADEEM KHAWAJA
Notary Public - State of New York
No. 01KH6100431
Qualified in Queens County
My Commission Expires October 20, 2023